AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: K. Blackwell 5/22/25

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

FILED
MAY 2 3 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
INFORMATION ASSOCIATED WITH SNAPCHAT ) Case No. M-25-342-AMG
ACCOUNT WITH USERNAME RED_SLAYER69420 AND )
TELEPHONE NUMBER (405)695-9524 THAT IS STORED )
AT PREMISES CONTROLLED BY SNAP, INC. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A," which is attached and incorporated by reference herein.

located in the __Northern__ District of __California__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B," which is attached and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possessing or Accessing with Intent to View Material Containing Child Pornography |
| 18 U.S.C. § 2252A(a)(2) | Distribution or Receipt of Child Pornography |

The application is based on these facts:

See attached Affidavit of CLPD Investigator Isaac Bates, which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ #417
Applicant's signature

ISAAC BATES, CLPD INVESTIGATOR
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/23/25

_____
Judge's signature

City and state: Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. MAGISTRATE JUDGE
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH SNAPCHAT ACCOUNT WITH USERNAME RED_SLAYER69420 AND TELEPHONE NUMBER (405)695-9524 THAT IS STORED AT PREMISES CONTROLLED BY SNAP, INC. | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Isaac Bates, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a Snapchat account that is stored at a premises owned, maintained, controlled, or operated by Snap, Inc., an electronic communications service and/or remote computing service provider headquartered at 2772 Donald Douglas Loop North in Santa Monica, California. The account to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Snap, Inc. to disclose to the government information (including the content of communications) in its possession, pertaining to the subscriber or customer associated with the account as further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate the items described in Section II of Attachment B.

2. Affiant is a Criminal Investigator for the Chickasaw Lighthorse Police Department (CLPD). Your Affiant is currently assigned to the Oklahoma State Bureau of Investigations Internet Crimes Against Children's Task Force (OSBI ICAC). Your Affiant has been employed

by the Chickasaw Lighthorse Police Department since February of 2022. Your Affiant began his career with the Denison Police Department in Denison, Texas, in 2007, working as a patrol officer, conducting several basic patrol functions and investigating various crimes. In 2014, your Affiant began his employment with the Grayson County Sheriff's Office in Sherman, Texas, and became a Criminal Investigator from 2015 to 2019. During this time, your Affiant was assigned to Sexual Assault investigations and Child Sexual Assault crimes, including cases of Child Sexual Abuse Material (CSAM). During Affiant's time as a Law Enforcement Officer and Criminal Investigator, Affiant has participated in numerous criminal investigations as the primary investigator or in a backup capacity. Affiant has also received significant training in criminal investigations, including investigations into violent crimes, Sexual Assault Investigations, and computer crimes.

3. As a Law Enforcement Officer, Affiant, has received approximately 2350 hours of Continuing Education from the Texas Commission on Law Enforcement (TCOLE) and held an Advanced Peace Officer License in Texas prior to transferring to Oklahoma and is currently licensed with the Oklahoma Council on Law Enforcement Education and Training (CLEET).

4. As a Criminal Investigator with the CLPD, your affiant is a law enforcement officer of the Chickasaw Nation, as well as a special commissioned law enforcement officer (SLEC) with the Bureau of Indian Affairs (BIA). Your affiant is also a United States law enforcement officer as defined by 18 U.S.C. § 2510(7), meaning that your Affiant is empowered by law to conduct investigations of and to make arrests for violations of Federal law, including violations related to child exploitation.

5. For the purposes of supporting this Application for Search Warrant, I have set forth herein facts that I believe are sufficient to establish probable cause to believe that evidence of violations of 18 U.S.C § 2252A(a)(5)(B) (Possessing or Accessing with Intent to View Material

2

Containing Child Pornography), 18 U.S.C § 2252A(a)(2) (Distribution or Receipt of Child Pornography), or other similar child sexual exploitation crime, are located in records associated with a Snapchat account with username "red_slayer69420" and telephone number (405)695-9524, hereinafter referred to as "**TARGET ACCOUNT**"

6. The information in this Affidavit is based upon my personal knowledge, training, and experience, and information learned, either directly or indirectly, from witnesses, records, and other law enforcement officers and agents. This Affidavit is intended to show merely that there is sufficient probable cause for the requested Warrants and does not set forth all my knowledge about this matter.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See also* 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE FACTS

8. On April 22, 2024, I received a case from OSBI ICAC task force and began an investigation into Zachary Lee WHITE's involvement in the possession and distribution of Child Pornography (CLPD Case #2024-11354). The investigation began when OSBI received a cybertip from the National Center for Missing and Exploited Children (NCMEC) associated with what appeared to be WHITE's Snapchat account. Eventually, a total of three cybertips, alleging the presence or transfer of Child Sexual Abuse Material (CSAM) over the internet, were received from NCMEC and are associated with either WHITE's phone number, email, or both.

9. On April 22, 2024, I reviewed cybertip #188544129 that involved a Snapchat account with telephone number (405)695-9524, username "red_slayer69420," and a user date of

3

birth of 10/10/1992. OSBI ICAC analysts previously determined through a TLO open record search that telephone number (405)695-9524 was connected to Zachary Lee WHITE, date of birth of 10/10/1992, who lived at 1669 Cowboy LN, Blanchard, Oklahoma, which is located within the Western District of Oklahoma. On April 22, 2024, I also verified this information via an open-source search. I reviewed the images associated with the cybertip and confirmed that the images were CSAM. One image depicted a young prepubescent female engaged in sexually explicit conduct with, what appeared to be, a white female with a strap-on dildo. One image depicted a prepubescent female engaged in sexually explicit activity with a dark-skinned male. According to the cybertip, these images were uploaded or transferred using the subject Snapchat account on February 29, 2024.

10. On July 3, 2024, I reviewed cybertip #189649823 that involved an Instagram account with username "red_slayer2022" and email of "zachary6673@gmail.com." OSBI ICAC analysts previously determined through an open record search that email "Zachary6673@gmail.com" to be associated with Zachary Lee WHITE. I reviewed one of the images that was uploaded to or transferred from this Instagram account and confirmed that it was CSAM. This image depicted two prepubescent females both naked OMG from the waist down exposing their vaginal area. According to the cybertip, several CSAM images were uploaded or transferred using the subject Instagram account on March 14, 2024, and March 15, 2024.

11. Cybertip #193635146 involved a Discord account with username "luckyshot2913" and email "zachary6673@gmail.com" (**TARGET ACCOUNT**). I reviewed the image that was uploaded to or transferred from this Discord OMG account and confirmed that it was CSAM. This image depicted a prepubescent nude male engaged in sexually explicit conduct with a prepubescent

4

nude female laying on her back with her legs in the air. According to the cybertip, this image was uploaded or transferred using the subject Discord account on May 15, 2024.

12. On July 18, 2024, a Chickasaw Nation search warrant was executed at WHITE's residence at 1669 Cowboy Ln, Blanchard, Oklahoma and the following devices were seized: 1) WHITE's iPhone 12 Pro Max, 2) WHITE's Acer laptop, 3) WHITE's son's iPhone SE, 4) WHITE's son's HP laptop. Upon review of the devices, no CSAM was found to be present on the devices. However, upon a search of the mail application on WHITE's iPhone 12 Pro Max, an email was sent from Discord to "zachary6673@gmail.com" on June 22, 2022, stating, "you have 9 new messages." There was also an email from Discord to "zachary6673@gmail.com" notifying WHITE that his Discord account had violated community standards, which was likely related to the NCMEC cybertip discovery of CSAM on WHITE's Discord account.

13. On July 18, 2024, I interviewed WHITE regarding the NCMEC cybertips. WHITE confirmed that the email "zachary6673@gmail.com" belonged to him. WHITE also confirmed that his phone number is (405)695-9524. WHITE claimed that he does not have any social media other than Facebook. WHITE explained that he used to have Snapchat a year ago with username "luckyshot2913."

14. On May 13, 2025, WHITE was arrested by the United States Marshall Service pursuant to a federal arrest warrant in case number CR-25-167-PRW.

### SNAPCHAT BACKGROUND

15. Snapchat is a free mobile application made by Snap, Inc. and is available for download through the Apple App Store and Google Play Store. The Snapchat application is used to share information through photos, videos, and chat messages.

5

16. To use Snapchat, a user must download the mobile application to their mobile device and sign up using their name and date of birth. The user then selects a username and password. Snapchat then requires an e-mail address or phone number to create an account. A user can also create a vanity name.

17. "Snaps" are photos or videos taken using the camera on an individual's mobile device through the Snapchat application, and may be shared directly with the user's friends, in a Story (explained further below), or in a Chat.

18. A Snapchat user can add Snaps to their "Story." A Story is a collection of Snaps displayed in chronological order. Users can manage their privacy settings so that their Story can be viewed by all users, their friends, or a custom audience. A user can also submit their Snaps to Snapchat's crowd-sourced service "Our Story," which enables their Snaps to be viewed by all users in Search and Snap Map.

19. "Snap Map" allows a Snapchat user to see where their friends have been and what is going on around them. A user will not appear on Snap Map until they open it for the first time and choose to share their location. A user can update the people who have access to their location, to include going into "Ghost Mode" to hide their location from everyone. Snaps that have been submitted to Snap Map can show up on the Map. However, most of the Snaps on the Map are selected through an automated process. Snap Map submissions may be stored indefinitely and may be visible on Snapchat for a long period of time.

20. "Memories" is Snapchat's cloud-storage service. Users can save their sent or unsent Snaps, posted Stories, and photos and videos from their phone's photo gallery in Memories. Content saved in Memories is backed up by Snapchat and may remain in Memories until deleted

by the user. Users may encrypt their content in Memories, in which case the content is not accessible to Snap, Inc. and cannot be decrypted by Snap, Inc.

21. A user can type messages, send Snaps, audio notes, and video notes to friends within the Snapchat application using the Chat feature. Snapchat's servers are designed to automatically delete one-on-one chats once the recipient has opened the message and both the sender and recipient have left the chat screen, depending on the user's Chat settings.

22. If a Snapchat user has device-level location services turned on and has opted into location services on the Snapchat application, Snap, Inc. will collect location data, which will vary depending on the purpose of the collection. Users have some control over the deletion of their location data in the application settings.

23. A Snapchat username is a unique identifier associated with a specific Snapchat account, and it cannot be changed by the user.

24. Basic subscriber information is collected when a user creates a new Snapchat account, alters information at a later date, or otherwise interacts with the Snapchat application. The basic subscriber information entered by a user in creating an account is maintained as long as the user has not edited the information or removed the information from the account.

25. In addition to the information provided by a user to register an account, Snap, Inc. may retain the account creation date and Internet Protocol ("IP") address. Snap, Inc. also stores the timestamp and IP address of an account user's logins and logouts.

26. For each Snapchat user, Snap, Inc. collects and retains the content and other records described above.

27. Snap, Inc. retains logs for the last 31 days of Snaps sent and received, for 24 hours of posted Stories, and for any unopened Chats or those saved by the sender or recipient. The logs

contain meta-data about the Snaps, Stories, and Chats, but not the content. Snap, Inc. may be able to retrieve content of some Snaps.

28. Videos and photos sent and received as Snaps are accessible to users for only a short period of time. If a screenshot is taken of an image by the recipient, the sender is notified. Videos cannot be saved by the recipient. Because of the common belief by Snapchat users that videos and photos cannot be retained by recipients, Snapchat is often used to facilitate and document criminal acts.

29. As explained herein, information stored in connection with a Snapchat account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element, or, alternatively, to exclude the innocent from further suspicion.

30. The stored communications and files connected to the **TARGET ACCOUNT** may provide direct evidence of the offenses under investigation. In addition, the user's account activity logs, stored electronic communications, and other data retained by Snap, Inc. can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, e-mail and chat logs, documents, and photos and videos (and the data associated with the foregoing, such as location, date, and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. This geographic and timeline information may tend to either inculpate or exculpate the account owner by allowing investigators to understand the geographic

and chronological context of Snapchat access, use, and events relating to the crimes under investigation.

31. Account activity may also provide relevant insight into the account user's state of mind as it relates to the offense under investigation. For example, information on the account may indicate the user's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

32. Other information connected to the use of Snapchat may lead to the discovery of additional evidence and possible victims, as well as the identification of co-conspirators, witnesses, and instrumentalities of the crime under investigation.

33. 2Therefore, Snap, Inc.'s servers are likely to contain the material described above, including stored electronic communications and information concerning subscribers and their use of Snapchat to facilitate and communicate about the crimes under investigation.

## CONCLUSION

15. Based on the forgoing, I request that the Court issue the proposed search warrant.

16. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Snap, Inc. Because the warrant will be served on Snap, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

*[signature] #4117*
Isaac Bates
Criminal Investigator
Chickasaw Lighthorse Police Department

Subscribed and sworn to before me on May __23__, 2025.

*[signature]*
AMANDA MAXFIELD GREEN
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with Snapchat account with username "red_slayer69420" and telephone number (405) 695-9524 (**TARGET ACCOUNT**) that is stored at premises owned, maintained, controlled, and/or operated by Snap, Inc., a company headquartered in Santa Monica, California.

## ATTACHMENT B

### Particular Things to be Seized

I.     **Information to be disclosed by Snap, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Snap, Inc., regardless of whether such information is located within or outside the United States, and including any messages, records, files, logs, photographs, videos, or other information that has been deleted but is still available to Snap, Inc., or has been confirmed preserved pursuant to a request made under 18 U.S.C. § 2703(f), Snap, Inc. is required to disclose the following information to the government for the account listed in Attachment A for the time frame between **January 1, 2024, to May 13, 2025**.

- A. All stored communications and other files in Snap, Inc.'s possession (including account access information, event histories including dates and times, connection dates, times, and locations, connection IP information, message content, graphics files, attachments, etc., further detailed below), whether physical, stored on electronic media, or temporarily extant on any computer or server, reflecting communications to or from the Snapchat account identified in Attachment A;
- B. All subscriber information, including Snapchat username, vanity names, e-mail addresses, phone numbers, full name, physical address, and other personal identifiers;
- C. All information pertaining to the creation of the account, including date and time of creation, IP address used to create the account, and all subscriber information provided at the time the account was created;
- D. Timestamp and IP address of all account logins and logouts;
- E. Logs of all messages and all files that have been created and Snaps sent or accessed via the Snapchat account identified in Attachment A, or that are controlled by user accounts associated with the Snapchat account;
- F. The account name, vanity name, identifiers, and all available subscriber information for any other Snapchat account(s) associated with the Snapchat account listed in Attachment A;
- G. All content, records, connection logs, and other information relating to communications sent from or received by the Snapchat account identified in Attachment A from December 1, 2022 to January 5, 2023, including but not limited to:

1. Transmitter/Sender identifiers (i.e., addresses and/or IP address);

2. Connection date and time;

3. Method of Connection (telnet, ftp, http);

4. Data transfer volume;

5. Username associated with the connection, and other connection information, including the IP address of the source of the connection;

6. All GPS location data and geographical data stored in relation to the account, including, but not limited to, location data derived from Snaps, Snap Map, Memories, Stories, logins, logouts, access records, and data pulled from the user's device.

7. Account subscriber identification records;

8. Other user accounts associated with, referenced in, or accessed by the Snapchat account identified in Attachment A;

9. Address books, contact lists, and "my friends";

10. Records of files or system attributes accessed, modified, or added by the user;

11. All records and other evidence relating to the subscriber(s), customer(s), account holder(s), or other entity(ies) associated with the Snapchat account identified in Attachment A, including, without limitation, subscriber names, user names, screen names or other identifiers, addresses, residential addresses, business addresses, and other contact information, telephone numbers or other subscriber number or identifier number, billing records, all information regarding the length of service and the types of services the subscriber or customer utilized, and any other identifying information, whether such records or other evidence are in electronic or other form. Such records and other evidence include, without limitation, correspondence and other records of contact by any person or entity about the above-referenced account, the content associated with or relating to postings, communications, and any other activities to or through the Snapchat account listed in Attachment A, whether such records or other evidence are in electronic or other form;

12. All records pertaining to communications between Snap, Inc. and the user(s) of the Snapchat account identified in Attachment A regarding the user or the user's Snapchat account, including contacts with support services and records of actions taken;

13. The content of all messages and Snaps sent, received, saved, stored, or otherwise preserved.

Snap, Inc. is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence, instrumentalities, and/or contraband of violations of 18 U.S.C § 2252A(a)(5)(B) (Possessing or Accessing with Intent to View Material Containing Child Pornography), 18 U.S.C § 2252A(a)(2) (Distribution or Receipt of Child Pornography), or other similar child sexual exploitation crimes within the account listed in Attachment A.